UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA STRICKLAND | CIVIL ACTION |
| VERSUS | NO: 23-3514 |
| CHUBB EUROPEAN GROUP SE | SECTION: "A" (4) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss Pursuant to Rule 12(b)(1) (Rec. Doc. 20)** filed by the defendant, Chubb European Group SE. The plaintiff, Patricia Strickland, opposes the motion. The motion, submitted for consideration on July 10, 2024, is before the Court on the briefs without oral argument.

This case presents a Hurricane Ida insurance dispute for damage allegedly sustained to the plaintiff's property located in Metairie, Louisiana. The plaintiff, Patricia Strickland, is a former client of the McClenney Mosely law firm and she retained her current counsel prior to the expiration of the applicable prescriptive period to preserve her legal rights against the defendant-insurer, Chubb European Group SE. Rather than file her lawsuit in the courts of the state, which enjoy general jurisdiction, the plaintiff filed a complaint in this Court, which is a court of limited jurisdiction. Under controlling law, the party invoking jurisdiction in federal court—in this case the plaintiff—has the burden of establishing the existence of subject matter jurisdiction. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occidental Steamship Co.,* 287 F.2d 252, 253–54 (5th Cir.1961)). A federal court has

original subject matter jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

The defendant now moves to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The defendant's contention is that the claim does not satisfy the jurisdictional amount necessary to satisfy diversity jurisdiction.[1]

For jurisdictional purposes, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *Greenberg*, 134 F.3d at 1253 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). To justify dismissal, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (quoting *St. Paul Mercury*, 303 U.S. at 289). But the "legal certainty test" is not applicable when the plaintiff has alleged an indeterminate amount of damages. *Id.* (citing *De Aguilar v. Boeing Co., 47 F.3d 1404, 1409* (5th Cir. 1995)).

When the plaintiff has filed her lawsuit in federal court but alleged an

---

[1] The defendant submitted with its motion a proposed judgment of dismissal that would dismiss the case *with* prejudice. (Rec. Doc. 20 at 3). A dismissal with prejudice is not an option if a federal court lacks subject jurisdiction. Therefore, any dismissal rendered based on the jurisdictional amount would be one without prejudice to the plaintiff's right to refile her lawsuit in state court.

Under Louisiana law, filing a lawsuit will interrupt prescription if the case is filed in a court of competent jurisdiction. La. Civ. Code art. 3462. If the lawsuit is filed in an "incompetent court" then prescription is interrupted only as to a defendant served by process within the prescriptive period. *Id.* The record reflects that service was effected on August 28, 2023, (Rec. Doc. 7), which falls within the applicable prescriptive period. Therefore, even if this Court were found to be without subject matter jurisdiction, the plaintiff's claim would not be prescribed.

indeterminate amount of damages, courts employ procedures developed in the context of removal to determine whether dismissal for lack of subject matter jurisdiction is necessary. *Greenberg*, 134 F.3d 1250. The plaintiff must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000, in other words that it is more likely than not that the amount of the claim will exceed $75,000. *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir.1995)). The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *Id.* (citing *Allen*, 63 F.3d at 1335). If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Id.* (citing *Allen*, 63 F.3d at 1336). Importantly, the jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached. *Greenberg*, 134 F.3d at 1253–54 (citing *St. Paul Mercury,* 303 U.S. at 292; *Seafoam, Inc. v. Barrier Sys., Inc.,* 830 F.2d 62, 66 (5th Cir.1987)).

  Turning now to the instant case, the complaint does not include a prayer for a specific amount of property damage, instead alleging only that the property sustained "significant" damage, (Rec. Doc. 1, Complaint ¶ 14), and that the property requires repairs that are more extensive than what the defendant's adjuster estimated, (*Id.* ¶ 20). The plaintiff included a prayer for the full slate damages, penalties, and attorney's fees potentially available to an insured under Louisiana law. (*Id.* ¶¶ 30, 31). Thus, while the plaintiff's claim could exceed $75,000 the converse is also true. It is not facially apparent from the allegations in the complaint that the jurisdictional amount was satisfied when

the lawsuit was filed.

Enter the summary-judgment type evidence that the court may consider in order to ascertain the amount in controversy. The defendant has included voluminous exhibits with its motion (and has followed up with a 250 page reply) that serve to traverse the plaintiff's claimed damages. But the question is not whether the plaintiff can ultimately *recover* in excess of $75,000 but rather whether the amount in controversy exceeded $75,000 *when she filed her complaint*. To be sure, the plaintiff bears the burden of proving that the amount in controversy requirement was satisfied when she initiated this lawsuit in federal court. If she meets that burden, then even if the defendant's submissions would tend to establish that her case is not worth in excess of $75,000, the Court is not deprived of subject matter jurisdiction. In her opposition the plaintiff advised that she is in the process of obtaining an expert report to satisfy her burden of proof. (Rec. Doc. 24 at 1). Until such time the defendant's motion will be denied without prejudice.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(1) (Rec. Doc. 20)** filed by the defendant, Chubb European Group SE, is **DENIED**. The Case Manager for Section A shall notice a telephone scheduling conference for the purpose of entering a scheduling order.

July 9, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE